**FILED**

JAN 1 3 2006  NH

IN THE
**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **CHARLES KING and ANDRE BROWN,**<br>    **Plaintiffs,**<br><br>v.<br><br>**ROGER E. WALKER, Director of<br>Illinois Department of Corrections,<br>JESSE MONTGOMERY, Deputy<br>Director of Parole,<br>Operations,**<br>    **Defendants.** | )<br>)<br>)<br>) No. **06C  0204**<br>)<br>)<br>)<br>)  JUDGE GETTLEMAN<br>)<br>)  MAGISTRATE JUDGE<br>)  GERALDINE SOAT BROWN<br>) |

## CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF

Now come the Plaintiffs, CHARLES KING and ANDRE BROWN, through their

attorneys, THOMAS PETERS and KEVIN PETERS, and states as follows:

### COUNT I

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff King is a citizen of the United States and an Illinois parolee who

currently is in custody at the Logan Correctional Center.

2. Plaintiff Brown is a citizen of the United States and an Illinois parolee who

currently is in custody at the Big Muddy Correctional Center.

3. Defendant Walker is the Director of the Illinois Department of Corrections. In

that capacity, he sets the policies and practices relating to parolees and he is sued in his

individual and his official capacity.

4. Defendant Montgomery is the Deputy Director of Parole for the Illinois Department of Corrections. In that capacity, he implements the policies of Defendant Walker and trains other IDOC employees in accordance with those policies and practices, and Montgomery is sued in his individual and his official capacities.

5. All of the acts and omissions alleged in this complaint were made under color of state law.

6. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiffs' constitutional rights under the Due Process Clause of the Fourteenth Amendment.

7. All of the Defendants maintain offices and do business in or near Chicago, Illinois, and the site for all of the preliminary parole revocation hearings is Chicago, Illinois.

8. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 1334 and 2201.

## FACTUAL BACKGROUND

9. Charles King (No. B68682) was paroled from the Logan Correctional Center.

10. Following his release on parole, Plaintiff King was assigned a parole agent in Cook County, Illinois.

11. In mid-December 2005, Plaintiff King was arrested in Chicago for an alleged violation of parole (Case No. 05401398201).

12. Plaintiff King denies that he committed a parole violation at any time prior to

2

his arrest in December, 2005.

13. Within a few hours of his arrest, Plaintiff King was taken to the Cook County Jail.

14. Plaintiff King was transferred to the Stateville Correctional Center within 10 days of his arrest.

15. Case number 05-401398201 was dismissed on the motion of the Cook County State's Attorney's Office on December 28, 2005.

16. Plaintiff King had not waived his right to a preliminary parole revocation hearing, at or near the site of the alleged violation, when he was transferred to the Stateville Correctional Center, Joliet, Illinois.

17. It is, and was, at all relevant times, the policy and practice of Defendants, Walker and Montgomery, to return alleged parole violators to the institution from which they were paroled.

18. As a direct result of that policy of Defendants Walker and Montgomery, Plaintiff King was transferred from the Stateville Correctional Center to the Logan Correctional Center.

19. The Logan Correctional Center is located in Lincoln, Illinois.

20. Lincoln is approximately 165 miles from Chicago.

21. Plaintiff King did not waive his constitutional right to a prompt preliminary parole revocation hearing at any time prior to his transfer from the Stateville Correctional

3

Center to the Logan Correctional Center.

22. Plaintiff King has been in custody for more than 30 days, and he still has not had a preliminary parole revocation hearing.

23. Plaintiff King has a well-established constitutional right to a prompt preliminary parole revocation hearing.

24. Plaintiff King has a well-established constitutional right to a preliminary parole revocation hearing near the site of the alleged parole violation.

25. Plaintiff King has a well-established constitutional right to retain counsel, to call witnesses, and to confront and cross examine witnesses at his preliminary parole revocation hearing.

26. Defendants' policies and practices as applied to Plaintiff King violated Plaintiff King's constitutional rights as identified in paragraphs 22-25 above.

27. Defendants' policy of shipping alleged parole violators out of the Cook County Jail to the Stateville Correctional Center and then to the institution from which the parole was granted, creates a system which guarantees that no Cook County parolee will receive a prompt preliminary parole revocation hearing at or near the site of the alleged parole violation.

28. Defendants' policy of shipping alleged parole violators out of the Cook County Jail to the Stateville Correctional Center and then to the institution from which the parole was granted creates a system which guarantees that Cook County parolees will not

4

have counsel or favorable witnesses present when a preliminary parole revocation hearing finally is held.

29. Absent exigent circumstances, a preliminary parole revocation hearing should be held within ten (10) days of a parolee's arrest and the hearing should be held at or near the site of the alleged violation, but in no case in excess of 60 miles from the site of the alleged violation.

30. Defendant's policy of shipping alleged parole violators out of the Cook County Jail to Joliet Correctional Center and then to the institution from which the parolee was granted is in direct contradiction to the agreed settlement in Willard v. Snyder, 01 C 1884 (see attached Exhibits A and B).

WHEREFORE, Plaintiff King prays the Court will a) issue a preliminary injunction barring Defendants from continuing their policy of transferring parolees from the Cook County Jail before the parolee has had, or waived, a preliminary parole revocation hearing; b) permanently enjoining Defendants from continuing their police as alleged herein; c) award costs and attorney's fees.

## COUNT II

1-30. Plaintiff Brown re-alleges paragraphs 1-30 of Count I as paragraphs 1-30 of Count II.

31. Plaintiff Brown (No. S00309) was paroled from the Big Muddy Correctional Center.

5

32. On or about January 4, 2006, Plaintiff Brown was arrested for a parole violation.

33. Plaintiff Brown denies that he violated any condition of his parole on the day of his arrest or on any other day.

34. Plaintiff Brown was not served with notice of the parole violation charges, has not waived his right to a prompt preliminary parole revocation hearing, and has not had a parole revocation hearing.

35. Plaintiff Brown has been in custody for more than 10 business days, and he still has not had a preliminary parole violation hearing.

36. Plaintiff Brown re-alleges paragraphs 23-30 as paragraph 37-45 of Count II.

WHEREFORE, Plaintiff Brown prays the Court will a) issue a preliminary injunction barring Defendants from continuing their policy of transferring parolees from the Cook County Jail before the parolee has had, or waived, a preliminary parole revocation hearing; b) permanently enjoining Defendants from continuing their policy as alleged herein; c) award costs and attorney's fees.

## COUNT III

## CLASS ACTION

1-30. Plaintiffs re-allege paragraphs 1-30 of Count I as paragraphs 1-30 of Count III.

31. Defendants' policies and practices have been in effect for more than a year.

6

32. The number of Cook County parolees who have been adversely affected by Defendants' policies exceeds five hundred.

33. Plaintiffs King and Brown represent a class of Cook County parolees who have been or will be arrested for parole violations in Cook County, Illinois.

34. The class, as so defined, is too numerous to make joinder of all class members practicable.

35. Defendants have established a unified policy that affects all Cook County parolees charged with violations in the same way.

36. Plaintiffs' claims are typical of the claims of all class members.

37. Common issues of law and fact predominate over any minor differences in treatment.

38. Plaintiffs' counsel can fairly and adequately represent the class.

39. The constitutional rights of all class members are being violated by Defendants' systematic polices and practices as described herein.

WHEREFORE, Plaintiffs King and Brown pray the Court will a) issue a preliminary injunction barring Defendants from continuing their policy of transferring parolees from the Cook County Jail before the parolee has had, or waived, a preliminary

parole revocation hearing; b) permanently enjoining Defendants from continuing their

police as alleged herein; c) award costs and attorney's fees.

Respectfully Submitted,

KEVIN PETERS, ONE OF THE
ATTORNEYS FOR PLAINTIFFS
407 S. Dearborn, Suite 1675
Chicago, IL 60605
312-697-0022

8



**EXHIBIT**

*A*

SEP 2001

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MICHAEL WILLARD, et al.,                 )
                                         )
                    Plaintiffs,          )          01 C 1884
                                         )
            -v                           )     Honorable Matthew Kennelly
                                         )          Judge Presiding
DONALD SNYDER, Director of               )
Illinois Department of Corrections,      )     **FILED**
Et al.,                                  )
                                         )
                    Defendants.  )          SEP 1 3 2001

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## STIPULATED DISMISSAL

Now come the plaintiffs, Michael Willard, William Frierson, Gary Moore, and Douglas Nash, through their attorneys, Thomas Peters, Kevin Peters, and Elyse Yoelin, and defendants, by and through their attorney, James E. Ryan, Attorney General for the State of Illinois, and hereby stipulate to the dismissal of this cause. The parties agree as follows:

1. This lawsuit is dismissed with prejudice and without leave to reinstate, in view of the acknowledgment by the parties that:

    a.  the Department has directed its responsible administrators and staff that, absent exigent circumstances, preliminary hearings for parolees/releasees who have been arrested solely for technical parole/release violations in Cook County, Illinois, must be held at a location reasonably near the place of the alleged parole/release violation or arrest, which shall include any designated facility within sixty miles of Cook County or the nearest Department Reception and Classification Center.

    b.  the Department has directed its responsible administrators to amend the notice of charges to provide notice to alleged violators that they may retain an attorney to represent them at

1



the preliminary hearing in accordance with 20 III. Adm. Code 1610.140 (c) and that they may make in advance of the hearing a written request to present witnesses who can provide relevant information, or for adverse witnesses, consistent with the hearing officer's determination of good cause.

c. the Department has directed its responsible administrators and staff that where the parolee/releasee requests in advance of the hearing to present witnesses or to confront and cross examine adverse witnesses, the testimony of those witnesses may be provided, as the hearing officer directs, either in person or through a telephonic link up between the witness and the site of the preliminary hearing on the date scheduled for the hearing. However, with regard to witnesses, in person or telephonic testimony shall not be required where the proffered evidence upon which the requested testimony would be based bears substantial guarantees of trustworthiness or where the testimony of a witness is excluded for good cause.

d. the Department has directed its responsible administrators and staff to hold preliminary hearings for parolees/releasees who have been arrested solely for technical parole/release violations in Cook County, Illinois, within ten business days of their imprisonment pursuant to the execution of a parole violation warrant alleging a technical parole/release violation, absent exigent circumstances. The Department has directed its responsible administrators and staff that a preliminary parole revocation hearing need not be held within ten business days if (1) the parolee/releasee waives the preliminary parole revocation hearing; (2) the parolee/releasee requests or agrees to a continuance of the preliminary parole revocation hearing; (3) the parolee/releasee is unavailable due to physical or mental health reasons or other reasons as determined by the

2

Department; or (4) the hearing officer continues the preliminary revocation hearing for up to fourteen business days from the date the hearing was originally scheduled in order to obtain evidence or to ensure the attendance of witnesses, or for other good cause shown.

e. the Department has directed its responsible administrators and staff that where the alleged parole violation is supported solely by an unverified written statement of a parole agent, the hearing officer must also review a sworn verification, affidavit, or declaration from the parole agent, an appropriately executed copy of the violation report or oral testimony of the parole agent.

2. This stipulated dismissal shall not constitute an admission of liability and shall not serve as a precedent or be admissible in any proceeding.

Thomas Peters

Counsel for Plaintiffs

Date: _____8/6/01_____

Edward Seward
Assistant Attorney General
Counsel for Defendants

Date: _____9/12/01_____

3

EXHIBIT

B

## APPENDIX A

### *FAHEEM* CONSENT DECREE

Plaintiffs filed this action on March 27, 1984, pursuant to 42 U.S.C. Sec. 1983, alleging, among other things, that policies and practices of the Defendants denied Illinois parolees and mandatory supervised releasees (hereinafter parolees) individualized consideration for bail, in violation of the Eighth and Fourteenth Amendments of the United States Constitution.

This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. Sec[s]. 1331 and 1343.

The Court on December 4, 1984, certified a plaintiff class consisting of all parolees of the Adult Division of the Illinois Department of Corrections who are or will be arrested on new criminal charges and imprisoned pursuant to a parole violation warrant issued and executed by the Defendants.

On October 25, 1985, this Court entered a preliminary injunction order that required Defendants to provide individualized bail consideration for arrested parolees by a judicial officer. That preliminary injunction order was reversed and remanded by the Seventh Circuit Court of Appeals on February 25, 1988.

In order to effect an amicable settlement of this action, the parties having agreed, and this Court having found that the interests of the class will be adequately protected:

IT IS HEREBY ORDERED that Defendants, Lane and Klincar, and their successors in office, shall cause procedures to be adopted, within sixty days of the entry of this Consent Decree, which shall reflect the following provisions.

1. Parolees shall be informed, when they receive a notice of charges alleging a parole violation, that they may request the withdrawal of the parole violation warrant pending a final parole revocation hearing, in the event probable cause is found at the preliminary parole revocation hearing.

2. If the hearing officer at a preliminary parole revocation hearing determines that there is probable cause to believe that the parolee has committed acts that constitute a violation of the terms of his parole or mandatory supervised release, the parolee may request that the hearing officer recommend to the Prisoner Review Board the withdrawal of the parole violation warrant pending a final parole revocation hearing.

3. The parolee shall be afforded an opportunity at the preliminary parole revocation hearing to provide reasons why withdrawal

of the parole violation warrant pending the final parole revocation hearing is appropriate.

4. The hearing office [sic] shall transmit a recommendation concerning the withdrawal of the parole violation warrant to the Prisoner Review Board. Within ten business days of the preliminary parole revocation hearing, the Chairman of the Prisoner Review Board, or one member thereof, shall review the hearing officer's recommendation and render a final decision, whether the parole violation warrant should be withdrawn.

5. In determining whether the parole violation warrant should be withdrawn pending a final revocation hearing, the hearing officer and the Chairman of the Prisoner Review Board, or a member thereof, shall consider, among other factors, whether the parolee appears to present a risk of danger to any person or the community, whether it appears likely that the parolee may flee, or such other reasonable factors as the Prisoner Review Board deems appropriate.

6. The Department of Corrections, upon receipt of an order of the Prisoner Review Board to withdraw the parole violation warrant, shall promptly take all action necessary to withdraw the warrant.

7. If the parole violation warrant is withdrawn pending the final parole revocation hearing, the parolee shall remain subject to the conditions of his parole or mandatory supervised release. In addition, the Board may impose additional conditions of parole, or mandatory supervised release, pursuant to ILL. REV. STAT. Ch. 38, Sections 110-10 and 1003-3-7. Nothing in this Agreement shall prevent the Department or Board from issuing or reissuing a parole violation warrant based upon new information or acts constituting a violation of parole conditions.

8. The terms of this decree are applicable to Adult Division parolees charged with the commission of a new criminal offense and detained in a jail or other penal institution in Illinois pursuant to a parole violation warrant issued and executed by the Defendants.

9. On October 25, 1985, this Court entered a summary judgment order with respect to parolees of the Adult Division who are or will be arrested on new criminal charges and imprisoned in Cook County pursuant to a parole violation warrant issued and executed by defendants. This summary judgment order required defendants, *inter alia*, to provide timely final parole revocation hearings at which the parolee would have the opportunity to call

witnesses and to cross examine adverse witnesses, who have testified or presented evidence against the parolee absent good cause. It is, therefore, agreed with respect to the class defined in paragraph 9, that:

A.   At the preliminary parole revocation hearing parolees shall have the opportunity to call witnesses in accordance with *Morrissey v. Brewer*, 92 S.Ct. 2593 (1972).

B.   At the preliminary parole revocation hearing parolees shall have the opportunity to confront and cross examine adverse witnesses who have testified or presented evidence against the parolee, unless the hearing officer specifically finds good cause for not allowing confrontation.

C.   Parolees shall be provided with a final parole revocation hearing by at least one member of the Prisoner Review Board within 120 days of the parolee's request for a final hearing.

10.   The parties shall attempt to resolve informally any problems concerning compliance with the terms of this decree before bringing alleged violations to the attention of the Court. Isolated or inadvertent failures to comply with the terms of the decree shall not be deemed to be a violation of this Order.

11.   This agreement shall not be construed as an admission of liability by the Defendants or their successors, liability having been expressly denied.

12.   This agreement is contingent upon judicial approval of a proposed consent decree tendered by the parties in *Butler v. Lane*, #87 C 4542 (N.D. IL).

13.   The named Plaintiffs, for themselves, their heirs, executors, administrators and assigns, hereby release and forever discharge the Defendants, the State of Illinois, Illinois Department of Corrections, Illinois Prisoner Review Board, their agents, employees and members in their individual and official capacities, their executors, administrators, successors and assigns, from any and all claims and demands, actions and causes of actions resulting or arising from the subject matter and allegations at issue in this case.

## APPENDIX B

### PINZON CONSENT DECREE

Plaintiffs filed this action on May 19, 1987, pursuant to 42 U.S.C. § 1983, alleging that policies and practices of the defendants denied them timely and meaningful preliminary parole revocation hearings in violation of the Fourteenth Amendment.

This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. §§ 1331 and 1343.

On November 20, 1987 this Court certified a plaintiff class (the "Class") consisting of all parolees and mandatory supervised releasees of the Adult Division of the Illinois Department of Corrections who have been or will be arrested on a new criminal charge in Cook County, Illinois and who are or will be imprisoned in Cook County Jail pending a final parole revocation hearing pursuant to a parole violation warrant issued and executed by the defendants.

On December 23, 1987 this Court entered a preliminary injunction order which required defendants, *inter alia*, to provide preliminary parole revocation hearings to members of the Class within ten calendar days of imprisonment pursuant to a parole violation warrant. By this consent decree ("Decree") that preliminary injunction is vacated upon the adoption of the procedures described below.

In order to effect an amicable settlement of this action, the parties having agreed and this Court having found that the interests of the Class will be adequately protected:

IT IS HEREBY ORDERED that Defendants Lane and Klincar and their successors in office shall cause procedures to be adopted within sixty days of the entry of this Decree, which shall reflect the following provisions:

1. Within ten business days of the imprisonment of a parolee/releasee pursuant to the execution of a parole violation warrant, hearing officers designated by the Prisoner Review Board pursuant to Ill. Rev. Stat. ch. 38, ¶1003-3-9(c) shall conduct a preliminary parole revocation hearing for that parolee/releasee, except as provided in Paragraph 2.

2. A preliminary parole revocation hearing need not be held within ten business days if:

    a. the parolee/releasee waives the preliminary parole revocation hearing; or

b.   the parolee/releasee requests a continuance of the preliminary parole revocation hearing; or

c.   a Court has found probable cause on the criminal charge that prompted the parole revocation charge at a preliminary examination conducted pursuant to Ill. Rev. Stat. ch. 38, ¶109-1 *et seq.*; or

d.   the parole revocation charge is based upon a new criminal conviction; or

e.   the parolee/releasee is unavailable due to physical or mental health reasons; or

f.   the hearing officer continues the preliminary parole revocation hearing for up to fourteen days from the date the preliminary parole revocation hearing was originally scheduled in order to obtain evidence or to ensure the attendance of witnesses, or for other good cause shown.

The hearing officers shall enter on the written record the reason(s) for not holding the preliminary parole revocation hearing within ten business days of the imprisonment of a parolee/releasee pursuant to a parole violation warrant.

3.   Prior to the date of the preliminary parole revocation hearing, the parolee/releasee shall be informed that he/she shall be provided with a preliminary parole revocation hearing within 10 business days of imprisonment pursuant to a parole violation warrant, subject to the conditions outlined in Paragraph 2.

4.   The terms of this Decree are applicable to Adult Division parolees/releasees charged with the commission of a new criminal offense and detained in a jail or other penal institution in Cook County pursuant to a parole violation warrant issued and executed by the defendants.

5.   The parties shall attempt to resolve informally any problems concerning compliance with the terms of this Decree before bringing alleged violations to the attention of this Court. Isolated or inadvertent failures to comply with the terms of the Decree shall not be deemed to be a violation of its requirements.

6.   This Decree is conditioned on the judicial approval of a proposed consent decree in *Kareem Faheem-El v. Klincar*, No. 84 C 2561.

7.   This Decree is conditioned on the entry of an order by this Court dismissing with prejudice this action against all defendants.

8.   This Decree shall not be construed as an admission of liability by the defendants or their successors, liability having been expressly denied.

9.   The named plaintiffs, for themselves, their heirs, executors, administrators and assigns, hereby release and forever discharge the defendants, the Illinois Department of Corrections, the Illinois Prisoner Review Board, and the State of Illinois and their agents, employees and members in their individual and official capacities, their executors, administrators, successors and assigns, from any and all claims and demands, actions and causes of actions resulting or arising from the subject matter and allegations at issue in this case.

Case: 1:06-cv-00204 Document #: 1 Filed: 01/13/06 Page 18 of 20 PageID #:18
Case 1:04-cv-06523 Document 5 Filed 11/09/2004 Page 18 of 20

## APPENDIX C

### *DOWNIE* CONSENT DECREE

This cause coming on to be heard by agreement of the Parties, after due notice, and the Court being duly advised as to the circumstances,

IT IS HEREBY ORDERED:

1. In all final parole revocation hearings, the Prisoner Review Board, and each of its members, shall conduct the final revocation hearings in such a manner that confrontation and cross-examination of adverse witnesses is allowed as described below.

2. Standard of Proof. The standard of proving charges of a violation at a final parole/MSR revocation hearing is a *preponderance of the evidence*. If the evidence supporting the charged violation as a whole shows that it is *more probable than not* that the parolee has violated, as charged, then the Board shall so find. In those cases in which the evidence as a whole does *not* show that it is more probable than not that the parolee has violated, as charged, the Board shall find no violation.

3. Burden of Proof. The charge of a violation, by itself, does not establish evidence of a violation. If the charge is not admitted by the alleged violator, then the charge must be supported by some presentation of evidence sufficient to meet the burden of proof. Except in those cases where a document bears, on its face, constitutionally adequate indicia of reliability or where an additional extrinsic factor enhances the reliability of the documentary evidence, the failure to call witnesses constitutes an absence of sufficient proof. In such a case, the Board shall find that the parolee did not violate as charged.

4. Confrontation. The alleged violator has a right to confront and cross-examine persons who have provided adverse information, whether in a document or by means of live testimony, upon which a charge of violation is based.

   a. If the documentation itself contains a sufficient indicator of reliability, examples of which are listed below, the alleged violator need not be granted the right to confront, in person, the preparer of the documentation or any witness whose statements formed the substance of the documentation and the Board may then find a violation as charged. However, the Board may, in its discretion, allow confrontation even where a document contains a sufficient indicator of reliability.

   b. If the documentary evidence does not contain a suffi-

cient indicator of reliability, the Board may not find that the pa-
rolee violated as charged unless the right of confrontation is
granted.

    c.   The Board may deny confrontation for "good cause" as
described in *Morrissey v. Brewer*, 408 U.S. 471 (1972), and those
cases cited in Judge Moran's Memorandum and Order dated Feb-
ruary 11, 1991. Any finding of "good cause" must be placed on
the record and must be consistent with the indicators of reliability
described in paragraph 5 below.

    5.   Indicators of Reliability. Any one of the following factors
may be accepted by the Board as an indication that documentary
evidence alone may be relied upon to prove the charged violation.
These factors are representative examples only and should not be
construed as an exhaustive list.

    a.   The nature of the documentation proves, in itself, a cer-
tain geographical or biographical element of the violation or docu-
mentation prepared by the parole officer establishing a non-
criminal violation of the conditions of parole. Example: (1) An
out-of-state arrest report establishes parolee's whereabouts when
absconsion is in issue; (2) Parolee is charged with failure to report
monthly as ordered, and parole officer specifies the missed month
or presents as evidence business records showing missed office
visits.

    b.   The documentation is a transcript of testimony under
oath in another setting, where the parolee had the opportunity to
cross-examine the witness whose testimony or report is at issue in
the revocation proceeding.

    c.   The documentation is a copy of a signed order or find-
ing of a court of law or other competent tribunal which establishes
the parolee's guilt of the criminal violation, which is the basis of
the parole violation.

    d.   The documentation is a lab report or forensic evidence
prepared by a competent scientific source, where the only issue is
the subject-matter of the scientific report.

    6.   The Board may rely upon documentary evidence that
contains none of the described indicators of reliability, even absent
confrontation, if the documentary evidence is presented in con-
junction with some additional extrinsic factor that adequately en-
hances the reliability of the documentary evidence.

    7.   Whether an additional extrinsic factor is sufficient to en-
hance the reliability of the documentary evidence must be deter-
mined by the Board on [a] case-by-case basis.

8. A police or parole agent report which summarizes the statements or observations of a citizen (non-police) witness may bear sufficient reliability upon which to find a violation of parole, absent confrontation, if, and only if, some additional extrinsic factor is presented which adequately enhances the reliability of the police or parole agent report. Such a report, standing alone, unenhanced by any additional extrinsic factors, does not bear sufficient indicia of reliability to revoke parole absent confrontation.

9. An eye-witness police report (one that indicates that the officer who prepared the report claims to have seen the alleged violation) may bear sufficient reliability upon which to find a violation of parole, absent confrontation, if, and only if, some additional extrinsic factor is presented which adequately enhances the reliability of the police or parole agent report. Such a report, standing alone, unenhanced by any additional extrinsic factors, does not bear sufficient indicia of reliability to revoke parole absent confrontation.

10. If a Board member determines that confrontation will not be allowed, that Board member must include on the record the specific reasons for not allowing confrontation.

11. This Order shall be applied consistent with the rules and regulations of the Board as found in Ill.Rev.Stat. Ch. 38, par. 1003-3-1 *et seq.* and Title 20, Ch. IV, Section 1610.140 of the Illinois Administrative Code and is intended to supersede or modify those rules only to the extent that they relate to the issue of confrontation at a final revocation hearing.

12. Defendants hereby agree to pay to plaintiff[s] reasonable costs and attorneys' fees from monies properly appropriated by the State of Illinois and set aside for such purpose by the Department of Central Management Services.

13. Plaintiffs release and discharge the Board, its members and the State of Illinois from any and all claims for damages resulting from those actions which formed the subject matter of this action. Nothing in this order shall be construed as an admission of liability.