_____

| | |
|---|---|
| **CHARLES KING and ANDRE BROWN,** | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 06 C 204 |
| | ) |
| **ROGER E. WALKER, Director of** | ) Judge Robert Gettleman |
| **Illinois Department of Corrections,** | ) |
| **JESSE MONTGOMERY, Deputy** | ) |
| **Director of Parole,** | ) |
| **Operations,** | ) |
| Defendants. | ) |

_____

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs, by and through their attorneys, Thomas Peters and Kevin Peters, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, hereby move this Court to enter an order certifying this case as a class action for declaratory and injunctive relief. In support of this Motion Plaintiffs state:

1. This class action challenges a policy that is implemented and enforced by the Defendants. The policy has been in effect for many years and remains in effect today. Pursuant to this policy, alleged parole violators from Cook County are taken into custody at the Cook County Jail and held there for a day or two. They are then transported from the Cook County Jail to the Illinois Department of Corrections facility in Joliet and from

1

there they are moved to the correctional facility from which they were paroled. This process takes a week or two to complete and during that time the parolee is not afforded the opportunity for a preliminary parole revocation hearing. But see <u>Morrissey v. Brewer</u>, 408 U.S. 471, 33 L.Ed.2d 484 (1972).

2. The class consists of all Cook County parolees who during the last two years were denied a timely ( within ten days) preliminary hearing with the opportunity to be represented by counsel, to cross examine adverse witness and to call favorable witnesses as a result of Defendants' policy. Since the policy is still in full force and effect, the class also includes those who in the future will be subjected to this unconstitutional policy.

3. All class members are denied their constitutional rights as a result of Defendants' policy, which makes timely hearings, with counsel and the opportunity to cross examine adverse witnesses and present favorable witnesses, logistically impossible. Defendants insist on transporting alleged parole violators from Cook County to Joliet and then on to a third correctional facility before the parolee is even offered a preliminary hearing. By then more than ten business days have passed and the parolee is unable to contact counsel or call witnesses.

4. Plaintiffs are not seeking damages for themselves or for the class. They instead are requesting declaratory and injunctive relief to correct Defendants' unconstitutional policy. Certification under 23(b) (2) is requested.

5. Plaintiffs have standing to represent the proposed class. <u>Lewis v. Casey</u>, 494

U.S. 472, 481, 108 L. Ed.2d 400 (1990); Gerstein v. Pugh, 420 U.S. 103, 43 L.Ed.2d 54 (1975) and County of Riverside v. McLaughlin, 500 U.S. 44, 114 L.Ed.2d 49 (1991).

6. Plaintiffs are members of the class in that both of them are Cook County parolees who are being denied their constitutional rights as a result of Defendants' policy.

7. There are hundreds of class members who were, or will be, subjected to the alleged policy so the class is sufficiently large to satisfy the numerosity requirements of Rule 23(a).

8. The commonality factor of Rule 23(a) is satisfied in that the core facts and the primary legal issues are the same for all class members. Plaintiffs' claims arise from a common course of conduct followed by Defendants.

9. There are no conflicts between the class representatives and the other class members and the attorneys for the class representatives are experienced civil rights and class action litigators.

10. A class action is the most efficient procedure to resolve these claims.

WHEREFORE, Plaintiffs respectfully request the Court enter an Order certifying this case as a 23(b)(2) class action for the class of persons defined above.

S/Thomas Peters
THOMAS PETERS
One of the Plaintiffs' Attorneys
407 S. Dearborn, Suite 1675
Chicago, IL 60605
(3l2) 697-0022