IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| CHARLES KING, ANDRE BROWN, CHIOKE HILL, THOMAS GILBERT, NELSON MUNIZ, ANTHONY SMITH, and ANDRE McGREGG, <br><br> Plaintiffs, <br><br> vs. <br><br> ROGER E. WALKER and JESSE MONTGOMERY, <br><br> Defendants. | No. 06 C 204 <br><br> The Honorable Robert W. Gettleman |

## FINAL CONSENT DECREE

1. Plaintiffs Charles King, Andre Brown, Chioke Hill, Thomas Gilbert, Nelson Muniz, Anthony Smith, and Andre McGregg, on their own behalf, and Charles King, Chioke Hill, Nelson Muniz, and Andre McGregg on behalf of a class of others similarly situated, and Defendants Roger E. Walker, Jr., in his official capacity as Director of the Illinois Department of Corrections, and Jesse Montgomery, in his official capacity as Deputy Director for Parole, hereby enter into this Final Consent Decree to resolve Plaintiffs' Amended Complaint alleging violations of their Fourteenth Amendment Due Process rights as provided for by *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972).

1

## I. BACKGROUND

2. Plaintiffs are individuals who are on parole and who were taken into or were held in custody for an alleged parole violation, pursuant to a parole violation warrant issued by the Illinois Department of Corrections. See 730 ILCS 5/3-14-2(c). They were taken into custody in Cook County. They were then transferred into the custody of the Illinois Department of Corrections without having waived their preliminary parole revocation hearing and without receiving any such hearing within ten business days, as required by the consent decree entered in *Pinzon v. Lane*, 675 F.Supp. 429 (N.D. Ill. 1987).

3. Defendants are the Director and the Deputy Director for Parole of the Illinois Department of Corrections, which is the agency responsible for retaining custody of all persons placed on parole or mandatory supervised release or released pursuant to 730 ILCS 5/3-3-10, and supervising such persons during their parole or release period in accord with the conditions set by the Prisoner Review Board of the State of Illinois.

4. The Plaintiffs initiated this action on January 13, 2006, and filed an amended complaint on February 13, 2006, alleging, inter alia, that Defendants had denied or failed to provide preliminary parole revocation hearings for the Plaintiffs and those similarly situated, pursuant to *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972). Plaintiffs filed a motion for class certification with their initial complaint and a motion for preliminary injunction on January 24, 2006.

5. By Order dated May 8, 2006, this Court certified this case to proceed as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) on behalf of "Cook County Parolees who have been or will be arrested for parole violations in Cook

County, Illinois and who will be: a) taken into custody at Cook County Jail; b) transferred from Cook County Jail within 10 days without a preliminary parole revocation hearing; c) transferred from the Cook County Jail to the Illinois Department of Corrections; and d) held without a preliminary parole revocation hearing for more than 10 days." The Court deemed only four of the class representatives proposed by the Plaintiffs as acceptable under the requirements of Rule 23: Charles King, Chioke Hill, Nelson Muniz, and Andre McGregg.

6. On May 8, 2006, the Court also granted Plaintiffs' motion for a preliminary injunction. The Court found that parolees have a constitutional right to a prompt, preliminary parole revocation hearing and that parolees have a limited constitutional right to confront and cross examine persons who have provided testimony or evidence which could be used to revoke parole. The Court then concluded that Defendants were violating these constitutional rights with respect to the certified parolee class.

7. Defendants deny the allegations of the Plaintiffs' Amended Complaint and further deny any violations of statutes or regulations. Defendants make no admission of liability, and nothing herein shall be deemed an admission of fault of any kind by Defendants.

8. The parties have stated their desire to resolve this matter amicably and without going to trial.

9. The parties agree that this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1343.

10. As indicated by their signature, the parties agree to the entry of this Final Consent Decree.

3

**IT IS HEREBY ADJUDGED, ORDERED AND DECREED that:**

**II.  DEFINITIONS**

A.  For purposes of this Final Consent Decree, unless otherwise specified:

1.  "Parole Violator" shall be defined as a person who is on parole and who is taken into or being held in custody for an alleged parole violation in Cook County, pursuant to a parole violation warrant issued by the Illinois Department of Corrections under 730 ILCS 5/3-14-2(c).

2.  "Notice of Class Action Settlement" shall be the document providing notice to the potential members of the class and shall contain the terms of the agreement reached by the parties, with a copy of the Notice of Rights (see section 3. below) attached. The Notice of Class Action Settlement shall be attached hereto and incorporated herein as Exhibit A.

3.  "Notice of Rights" shall be the amended Notice of Parole Violation form that shall include the language attached hereto as Exhibit B, which describes the Parole Violator's right to a preliminary parole revocation hearing pursuant to *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972).

4.  "King Investigation" shall be defined as an investigation conducted by an employee or agent of the Illinois Department of Corrections into the facts and circumstances surrounding the Parole Violator's alleged parole violation. The investigation shall

4

include, at a minimum, a review of the police report and any supporting documentation and an interview of the arresting officer(s).

5. "Hearing Officer" shall be defined as an employee of the Illinois Prisoner Review Board who is assigned to conduct the preliminary parole revocation hearing for each Parole Violator.

6. "Technical Violator" shall be defined as a parolee who is picked up for a violation of the terms of his mandatory supervised release agreement, but who is not charged with a new criminal offense. Examples of technical violations include, but are not limited to: failing to contact parole officer, failure to reside in an approved location, or testing positive for illegal drugs on a random drug test.

## III. TERMS

1. Defendants shall take the following measures, intended to provide each Parole Violator with an opportunity to have a preliminary parole revocation hearing which protects their due process rights under the Fourteenth Amendment of the United States Constitution, as defined by *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972).

2. The Defendants shall publish the Notice of Class Action Settlement (Exhibit A) in each IDOC facility housing adults. The Notice shall explain to each prospective class member the settlement reached by the parties, generally, and shall refer the prospective class members to Plaintiffs' counsel for further explanation. With the

permission of the Cook County Department of Corrections, the Notice of Class Action Settlement shall be posted on each gallery within the Cook County Jail. The Notice of Class Action Settlement shall be delivered to each parolee presently on parole or on Mandatory Supervised Release by his or her parole agent at a face to face meeting within sixty days of entry of the Proposed Consent Decree by the court.

3. The Defendants shall publish the Notice of Rights (Exhibit B) in each IDOC facility housing adults upon entry of the Proposed Consent Decree. With the permission of the Cook County Department of Corrections, the Notice of Rights shall also be posted on each gallery within the Cook County Jail. Within 60 days of entry of this Proposed Consent Decree, Defendants shall implement use of the Notice of Rights form, agreed to by the parties, attached hereto as Exhibit "B" and incorporated herein by reference, at Cook County Jail as well as within the Northern Reception and Classification Center, located at Stateville Correctional Center in Joliet, Illinois. The Notice of Rights form shall be distributed to all Parole Violators within a reasonable time following their apprehension, to provide them with the ability to either waive their preliminary parole revocation hearing or to have it held within 10 business days. It shall further be distributed to all inmates being released on parole or mandatory supervised release with the other documents including their mandatory supervised release agreement. Each inmate receiving the Notice of Rights form shall sign a receipt for the form prior to release.

4. Defendants shall enter into discussions with the Cook County Sheriff and appropriate state agencies, and attempt to enter into a written agreement providing for

one of the two following scenarios to occur for each Parole Violator who is re-incarcerated in Cook County or at the Northern Reception and Classification Center:

    a.    The transfer of any Parole Violator shall be completed so that the Parole Violator is sent to, and custody is accepted by, the Illinois Department of Corrections at the Northern Reception and Classification Center at Stateville Correctional Center within five calendar days of service of a parole violation warrant. This schedule shall provide that the Parole Violator receives adequate notice of his right to a preliminary parole revocation, which shall be held by the Illinois Prisoner Review Board within 10 business days of imprisonment pursuant to the execution of a parole violation warrant.

    b.    Should a transfer within five calendar days of arrest prove impossible for any Parole Violator, whether due to impending court dates in Cook County, or for issues of safety and security or severe administrative hardship on behalf of either Cook County or the Illinois Department of Corrections, the Cook County Sheriff shall defer transfer of any Parole Violator back to IDOC. In such cases, a preliminary parole revocation hearing shall be held in an appropriate Cook County facility, unless another suitable facility in Cook County is available, within 10 business days of imprisonment pursuant to the execution of a parole violation warrant. The availability and suitability of any facility shall be

7

determined by mutual agreement of the Cook County Sheriff and the Illinois Department of Corrections.

c. Regardless of which option is invoked, either a., or b., described above, the Parole Violator shall be entitled to a preliminary parole revocation hearing in the manner described below in Section 5, within 20 business days of the service of a parole violation warrant. This provision, allowing for 20 business days following service of the parole violation, shall be in effect for the first 60 days following the entry of this Final Consent Decree. After 60 days from the entry of this Final Consent decree, the Parole Violator shall be entitled to a preliminary parole revocation hearing within 10 business days following the execution of a parole violation warrant.

5. Defendants, in conjunction with the Illinois Prisoner Review Board and other appropriate state agencies, shall provide that Parole Violators receive a preliminary parole revocation hearing which protects their due process rights under the Fourteenth Amendment of the United States Constitution, as defined by *Morrissey*, as follows:

a. The Illinois Prisoner Review Board shall assign a Hearing Officer to conduct the preliminary parole revocation hearings pursuant to its statutory obligation under 730 ILCS 5/3-3-9. The Illinois Department of Corrections, its agents or employees, shall not serve as the designee of the IPRB for purposes of deciding the issue of

probable cause at a preliminary parole revocation hearing for a Parole Violator;

b. Any Parole Violator who does not waive the preliminary parole revocation hearing shall be provided written instructions in conjunction with the notice of charges (See Exhibit B), describing the process by which witnesses may appear and give testimony before the Illinois Prisoner Review Board hearing officer. If the hearing is being held in Joliet, at the Northern Reception and Classification Center, pursuant to section 4(a) of this proposed consent decree, the witness testimony may be taken by video conferencing;

c. If a Parole Violator does not waive his preliminary parole revocation hearing, the Illinois Department of Corrections shall assign an IDOC employee to conduct a King Investigation;

d. The King Investigation shall include, at a minimum, a review of the police report and any supporting documentation, and an interview with the arresting officer(s);

e. The IDOC employee assigned to complete the King Investigation shall testify, under oath and in person, at the preliminary parole revocation hearing held by the Hearing Officer within 10 business days of imprisonment pursuant to the execution of a parole violation warrant, unless the hearing is continued at the request of the Parole Violator, or by agreement. The hearing shall also be

continued if the Parole Violator is otherwise unavailable for a reason not within the control of the IDOC, such as the Parole Violator being confined for medical care or being held elsewhere for another court appearance. The testimony, given on the record at the preliminary parole revocation hearing, shall include a description of the King Investigation. In the event that the King investigation is not completed at the time the preliminary parole revocation hearing is held, there shall be a finding of no probable cause, unless the Parole Violator requests a continuance or the Parole Violator otherwise unavailable for a reason not within the control of the IDOC, such as the Parole Violator being confined for medical care or being held elsewhere for another court appearance;

f. The Parole Violator shall have the right to cross examine the IDOC employee regarding the King Investigation during the preliminary parole revocation hearing;

g. Parole Violators may also present written evidence to the Hearing Officer pursuant to 20 Ill. Admin. Code 1610.140(b)(1);

h. Parole Violators shall have the right to retain counsel at both the preliminary and the final parole revocation hearings, pursuant to 20 Ill. Admin. Code 1620(c); and

i. Pursuant to 730 ILCS 5/3-3-9(e), a record of the hearing shall be made.

6. Defendants shall provide Parole Violators with a copy of the written determination from the Hearing Officer within 24 hours of receiving the written findings from the Hearing Officer. The Defendants shall notify the Illinois Prisoner Review Board that the findings should be prepared within 48 hours of the conclusion of the hearing and must include a statement of whether probable cause of a parole violation was found, and if it was, that the Parole Violator shall be held over for a final revocation hearing by the Prisoner Review Board. The Defendants shall notify the Illinois Prisoner Review Board that the findings shall include a written statement of the basis for the Hearing Officer's determination. A copy of the written determination shall be provided to the Parole Violator and any counsel retained pursuant to Section 5(h) of this consent decree, to the Parole Violator's parent institution within IDOC for inclusion in the Parole Violator's inmate master file, to the Chairman of the Illinois Prisoner Review Board, and to the Illinois Department of Corrections Deputy Director for Parole.

7. Once a finding of probable cause has been made and the written determination has been served on the Parole Violator, he or she may be transferred to any appropriate facility within the Illinois Department of Corrections, unless otherwise ordered by the IPRB.

8. If the Hearing Officer makes a finding of no probable cause at the preliminary parole revocation hearing, and the preliminary parole revocation hearing is held at the Northern Reception and Classification Center at Stateville Correctional Center, pursuant to Section 4(a) above, the parolee shall, for those parolees who are the subject of pending criminal charges, be turned over to the custody of the Cook County Sheriff in Cook County as promptly as possible by IDOC. Alleged technical violators

shall be released under appropriate terms of Mandatory Supervised Release ("MSR") as determined by the Illinois Prisoner Review Board. The return to Cook County Sheriff in Cook County or release subject to appropriate terms of MSR shall be accomplished as promptly as is administratively possible.

9. The Court shall appoint, by agreement of the parties, the John Howard Association as the monitor of this Final Consent Decree for a period of one year after its entry. The Monitor shall be paid for its services, according to the following schedule of rates: a) Malcolm C. Young, Executive Director, one hundred fifty dollars ($150.00) per hour, Charles A. Fasano, Director, Prisons and Jails Program, one hundred twenty five dollars ($125.00) per hour, and other staff, if necessary, one hundred dollars ($100.00) per hour to be paid by the Illinois Department of Corrections. The John Howard Association shall provide an accounting of all time and work provided while monitoring to the Illinois Department of Corrections for its review, prior to payment of any fees. The Defendants shall provide the Monitor with reasonable access to the preliminary parole revocation hearings that are held at the Northern Reception and Classification Center at Stateville Correctional Center, pursuant to Section 4(a), above. Defendants shall work with the Illinois Prisoner Review Board and the Cook County Sheriff to provide that the Monitor is granted reasonable access to the preliminary parole revocation hearings held pursuant to Section 4(b), above. The Defendants shall also provide the Monitor reasonable access to the Parole Violators' parole files for inspection of documents. All information reviewed, considered or collected by the Monitor shall be kept in confidence. Such information may be disclosed only to the Court, the Parties and Counsel for the Parties. If the Monitor determines that the Defendants are not in

compliance with the terms of the proposed consent decree, the monitor shall provide written notice of the deficiencies to the Counsel for the Plaintiffs and the Defendants, and the Defendants shall have 21 days to submit a plan of correction. The Monitor may discuss any matter concerning the proposed consent decree with the court. Until the Defendants have had an opportunity to correct any alleged deficiencies, Plaintiffs shall not involve the Court. If there are, during the life of the proposed consent decree, any disagreements between the parties, both sides shall endeavor to address them in good faith to come to resolution without further involvement of the court. The Monitor's responsibilities relative to this Final Consent Decree shall terminate one (1) year after the date of entry.

10. The Court shall retain jurisdiction to enforce the terms of this **Final Consent Decree**. The Consent Decree shall be the final judgment in the case and upon its entry, the case shall be dismissed with prejudice, subject to the court's retained jurisdiction to enforce the terms of the agreement.

11. The Illinois Department of Corrections shall pay to Plaintiff's counsel reasonable attorneys' fees, according to information provided to Defendant, by Plaintiffs' counsel, indicating that he has spent one hundred ninety two and one half (192.5) hours of work on the case to date. The fees shall be calculated at the rate of one hundred thirty five dollars per hour. Such fees shall be paid by IDOC within a reasonable time of the entry of this proposed consent decree, and entry of an order fixing the specific dollar amount of the fees. As Plaintiffs' counsel will be required to spend time and effort moving forward, the parties agree that those final fees in excess of the 192.5 hours paid upon entry of the proposed consent decree shall be paid at the termination of monitoring.

Plaintiffs' counsel shall submit his fees to the Defendants, and the Defendants shall be entitled to bring a motion before the court reasonably objecting to any excessive fees. If there is no objection, IDOC shall pay the additional fees within a reasonable time pursuant to an order fixing the specific dollar amount of the additional fees.

So ordered this 26 day of January, 2007.

_____
THE HONORABLE ROBERT W. GETTLEMAN
UNITED STATES DISTRICT JUDGE

Agreed to by the parties as indicated by their signatures below.

FOR PLAINTIFFS:

_____
Tom Peters
The Law Office of Thomas Peters
407 S. Dearborn Street
Chicago, Illinois 60605
Attorney for the Plaintiffs

FOR DEFENDANTS:

_____
Roger E. Walker, Jr., Director
Illinois Department of Corrections


_____
Jesse Montgomery, Deputy Director for
Parole, Illinois Department
of Corrections

15