aεε

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES KING, ANDREW BROWN, CHIOKE HILL, THOMAS GILBERT, NELSON MUNIZ, ANTHONY SMITH and ANDRE McGREGG, <br><br> Plaintiffs, <br><br> v. <br><br> ROGER E. WALKER and JESSE MONTGOMERY, <br><br> Defendants. | No. 06 C 204 <br><br> Hon. Robert W. Gettleman |

## AMENDED FINAL CONSENT DECREE

The Parties hereby enter into this Amended Final Consent Decree to resolve the issues raised in Plaintiffs' Motion for a Rule to Show Cause alleging violations of their Fourteenth Amendment Due Process rights as provided for in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972):

### I. BACKGROUND

1. The Plaintiffs initiated the underlying action on January 13, 2006, and filed an Amended Complaint on February 13, 2006, alleging, inter alia, that Defendants had denied or failed to provide preliminary parole revocation hearings for the Plaintiffs and those similarly situated, pursuant to *Morrissey, supra*. Defendants are the Director and the Chief of Parole of the Illinois Department of Corrections ("IDOC"), which is the agency responsible for retaining custody of all persons placed on parole or mandatory supervised release or released pursuant to 730 ILCS 5/3-3-10, and supervising such persons during their parole or release period in accord

with the conditions set by the Illinois Prisoner Review Board ("IPRB").[1] Plaintiffs filed a Motion for Class Certification with their initial Complaint and a Motion for Preliminary Injunction on January 24, 2006.

2. By Order dated May 8, 2006, this Court certified this case to proceed as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) on behalf of "Cook County Parolees who have been or will be arrested for parole violations in Cook County, Illinois and who will be: a) taken into custody at Cook County Jail; b) transferred from Cook County Jail within 10 days without a preliminary parole revocation hearing; c) transferred from the Cook County Jail to the IDOC; and d) held without a preliminary parole revocation hearing for more than 10 days." The Court deemed only four of the class representatives proposed by the Plaintiffs as acceptable under the requirements of Rule 23: Charles King, Chioke Hill, Nelson Muniz, and Andre McGregg.

3. On May 8, 2006, the Court also granted Plaintiffs' motion for a preliminary injunction. The Court found that Parolees have a constitutional right to a prompt, preliminary parole revocation hearing and that Parolees have a limited constitutional right to confront and cross examine persons who have provided testimony or evidence which could be used to revoke parole. The Court then concluded that Defendants were violating these constitutional rights with respect to the certified Parolee class.

4. The Parties entered into a Final Consent Decree on January 26, 2007, in full and final settlement of the Plaintiffs' claims in this litigation. Through the Final Consent Decree,

---

[1] Pursuant to operation of F.R.C.P. 25(d), the current Director and Chief of Parole are automatically substituted as parties in this matter. As of the entry of this Amended Final Consent Decree, S.A. Godinez is the IDOC Director and Darryl L. Johnson is the IDOC Chief of Parole.

Defendants denied the allegations of the Plaintiffs' Amended Complaint, further denied any violations of statutes or regulations, and made no admission of liability.

5. On November 30, 2012, the Plaintiff Class filed a "Motion for Rule to Show Cause," alleging that the Defendants were in violation of the January 26, 2007 Final Consent Decree. Defendants denied and continue to deny that they were in violation of the Final Consent Decree. On October 30 and 31, 2013, the Court conducted an evidentiary hearing on the allegations in the Motion for Rule to Show Cause.

6. The parties stated their desire to resolve this matter amicably, and the Court reserved ruling on the issues raised in the Motion For Rule to Show Cause.

7. This Amended Final Consent Decree constitutes full and final resolution of the issues raised in the Motion for Rule to Show Cause. Defendants make no admission of liability, and nothing herein shall be deemed an admission of fault of any kind by Defendants. The Motion for Rule to Show Cause is withdrawn.

8. The parties agree that this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1343.

9. As indicated by the signatures below, the Parties agree to the entry of this Amended Final Consent Decree.

**IT IS HEREBY ADJUDGED, ORDERED AND DECREED:**

**II. DEFINITIONS**

For purposes of this Amended Final Consent Decree, unless otherwise specified:

10. "Parolee" shall be defined as a person who is on parole with the IDOC and is taken into custody for an alleged parole violation in Cook County pursuant to a warrant issued by

3

the IDOC under 730 ILCS 5/3-14-2(c). A person who is taken into federal custody is expressly excluded under this definition of "Parolee."

11. "Amended Notice of Rights" shall be the Amended Notice of Rights form that shall include the language attached hereto as Exhibit A, which describes a Parolee's rights regarding a preliminary parole revocation hearing pursuant to this Amended Final Consent Decree and *Morrissey, supra.*

12. "King Investigator" shall be defined as an IDOC employee or agent who performs a King Investigation pursuant to the requirements of this Amended Final Consent Decree. The King Investigator shall not serve as an advocate.

13. "King Investigation" shall be an objective investigation conducted by the King Investigator into the facts and circumstances surrounding the Parolee's alleged parole violation. The purpose of the investigation is to apprise the Hearing Officer of relevant facts to allow him or her to determine whether sufficient facts and circumstances exist to support a finding of probable cause. The investigation shall include, at a minimum, a review of the police report and any supporting documentation, and an interview either in person or via the telephone of the arresting officer(s) and/or the supervising parole agent. The King Investigation shall be completed pursuant to the requirements of this Amended Final Consent Decree.

14. "Hearing Officer" shall be defined as an employee of the IPRB who is assigned to conduct the preliminary parole revocation hearing for each Parolee.

15. "Technical Violator" shall be defined as a Parolee who is picked up for a violation of the terms of his mandatory supervised release agreement, including those who are not charged with a new criminal offense. Examples of technical violations include, but are not limited to:

failure to contact a parole officer, failure to reside in an approved location, and testing positive for illegal drugs.

16. "Parole Violation Report" shall be a report generated by the IDOC that lists the Parolee's alleged violations of the conditions of his parole, along with descriptive and other information. The parole violation report will set forth the alleged parole violations using simple, clear and concise language.

17. "Served Status" shall be defined as the time at which a parole violation warrant is lodged or placed on record with the law enforcement entity that has physical custody of the Parolee.

## III. TERMS

18. Defendants shall take the following measures which are intended to provide each Parolee with an opportunity to have a preliminary parole revocation hearing in accordance with the Fourteenth Amendment of the United States Constitution, as defined by *Morrissey, supra*.

19. The Parole Violation Report and Amended Notice of Rights shall be personally served within five calendar days to all Parolees who are apprehended and/or arrested in Cook County and who are under the control of local law enforcement or the IDOC. The five calendar days shall commence the day after the parole violation warrant goes into Served Status.

20. Defendants shall ensure one of the following:

   a. The transfer of any Parolee shall be completed so that the Parolee is sent to, and custody is accepted by, IDOC at the designated Reception and Classification Center within five calendar days of a parole violation warrant going into Served Status. This schedule shall provide that the Parolee receives adequate notice of his right to a preliminary parole revocation hearing.

  b. Should a transfer within five calendar days of arrest prove impossible for any Parolee, whether due to impending court dates in Cook County, Illinois, or for issues of safety and security or severe administrative hardship on behalf of Cook County or the IDOC, the Cook County Sheriff shall defer transfer of any Parolee back to IDOC. In such cases, a preliminary parole revocation hearing shall be held in an appropriate Cook County facility.

21. At the time the Parole Violation Report and the Amended Notice of Rights are served, Parolees may choose one of the following options: (1) a preliminary parole revocation hearing, which will be scheduled within ten business days of the parole violation warrant going into Served Status; (2) a postponement of the preliminary parole revocation hearing for up to thirty business days from the date the parole violation warrant entered Served Status; or (3) a waiver of the preliminary parole revocation hearing. Parolees who do not waive the preliminary parole revocation hearing and are not available for their hearing within the time frame set forth in this paragraph due to concurrent court appearances, medical issues, or other legitimate reasons shall have their hearing postponed until the next available hearing date. The preliminary parole revocation process should occur pursuant to the timeline included in Exhibit B. During service, IDOC staff shall inform Parolees: (1) that they must decide whether to waive their preliminary parole hearing; 2) when the preliminary parole hearing is scheduled if the parolee opts not to waive; and 3) that the Parolee can list witness information on the Amended Notice of Rights Form.

22. At the time of service, the Parolee may complete the section of the Amended Notice of Rights to provide witness' names, contact information, the general area(s) of questioning and/or specific questions for the witnesses, and attorney contact information. The Parolee may return the Amended Notice of Rights form immediately to the IDOC employee

providing service, or the Parolee shall be allowed an additional business day to complete this information and return the form to either Cook County Jail staff or IDOC staff. When parolees are served in IDOC facilities, the Defendants will provide each parolee with an opportunity to return the form to the IDOC. When parolees are served in the Cook County Jail, the Defendants will work in good faith with Cook County Jail staff to provide each parolee with the opportunity to return the form to the IDOC. Upon receipt of a completed Amended Notice of Rights form, IDOC staff will forward the form to the IPRB prior to the Parolee's preliminary hearing.

23. Defendants, in conjunction with the IPRB and other appropriate agencies, shall provide each Parolee with a preliminary parole revocation hearing that protects their due process rights under the Fourteenth Amendment to the United States Constitution, as defined in *Morrissey, supra*, as follows:

    a. If the Parolee does not waive his or her right to a preliminary parole revocation hearing, the IDOC shall assign a King Investigator to conduct a King Investigation. The King Investigation shall include, at a minimum, a review of the police reports and any supporting documentation, and an interview with the investigating/arresting police officer(s). The King Investigator may conduct such further investigation as necessary, in his or her discretion, to provide the Hearing Officer designated by the IPRB with the facts and circumstances surrounding the Parolee's alleged parole violation. The King Investigator shall testify under oath at the preliminary parole revocation hearing and shall be subject to cross-examination by the Parolee or his counsel regarding the information gathered during the King Investigation. The King Investigators shall testify to updates regarding the charges brought by a law enforcement entity based upon the alleged parole violations contained in the Parole Violation Report, including whether the charges were dismissed or amended. The IDOC will establish policies and procedures to ensure that the King Investigators are instructed not to testify regarding conduct unrelated to the alleged parole violation(s) in the Parole Violation Report. Should a King Investigator testify regarding conduct unrelated to the alleged violation(s) in the Parole Violation Report, such testimony shall be disregarded by the Hearing Officer and shall not be used by the Hearing Officer as a basis for a finding of probable cause;

7

b.  The IPRB shall assign a Hearing Officer to conduct the preliminary parole revocation hearings pursuant to its statutory obligation under 730 ILCS 5/3-3-9. The Illinois Department of Corrections, its agents or employees, shall not serve as the designee of the IPRB for purposes of deciding the issue of probable cause at a preliminary parole revocation hearing for a Parolee;

c.  The Hearing Officer is required to determine whether or not probable cause exists that the Parolee committed the alleged violation(s) set forth in the Parole Violation Report. In making this determination, the Hearing Officer must exercise independent judgment and must evaluate the reliability and credibility of the evidence that is before him or her. The Hearing Officer may only make a determination on evidence pertinent to the alleged violations of and compliance with the Parolee's conditions of parole;

d.  If the King Investigation has not been completed by the time of the preliminary parole revocation hearing, or if the service of the Parole Violation Report and the Amended Notice of Rights was not completed within the time frame set forth in this Amended Final Consent Decree, or if the preliminary parole revocation hearing is not scheduled within the time frame set forth in this Amended Final Consent Decree, there shall be a finding of no probable cause, unless the hearing is continued at the request of the Parolee or the Parolee is otherwise unavailable to attend the hearing for reasons outside the control of the IDOC, such as being confined for medical care or being held elsewhere for a court appearance;

e.  In the designated IDOC facilities, the Department will provide a location for the preliminary parole revocation hearings that is not excessively noisy, where a telephone is available that can be used by the Hearing Officer for witness testimony, and that has adequate room for the Hearing Officer, the Parolee, the King Investigator, and any attorney for the Parolee to be seated during the hearing. The IDOC and the IPRB shall work in good faith with the Cook County Sheriff so that hearings held at a Cook County facility are in a location that is not excessively noisy, where a telephone is available that can be used by the Hearing Officer for witness testimony, and that has adequate room for the Hearing Officer, the Parolee, the King Investigator, and any attorney for the Parolee to be seated during the hearing;

f.  During the preliminary parole revocation hearings, a Parolee may request a continuance for up to thirty calendar days from the date of that hearing;

g.  Prior to the preliminary parole revocation hearing, the Hearing Officer shall attempt to contact via telephone any witnesses listed on the Amended

Notice of Rights by the Parolee. Upon making contact with the proposed witness, the Hearing Officer shall identify him or herself and briefly explain the reason for the call. The Hearing Officer shall inform the witness that the witness may give their information to the Hearing Officer over the telephone at that time, or the witness may come in person to the facility where the relevant hearing will be conducted to give testimony to the Hearing Officer, or the witness may provide a telephone number at which the Hearing Officer can contact the witness during a three-hour period of time on the day of the relevant hearing. It shall be the witness' decision whether and how to give any testimony. The Hearing Officer shall record the witness' decision regarding how to give testimony on the Amended Notice of Rights. If the witness chooses to provide testimony to the Hearing Officer over the phone or at the facility where the relevant hearing will be conducted, the Hearing Officer will ask the witness questions regarding the area(s) of questioning and/or the specific questions provided by the Parolee on the Amended Notice of Rights Form. The Hearing Officer will summarize the witnesses' responses on the same form. Information provided by the witness shall be considered by the Hearing Officer in rendering his or her decision during the hearing. In the event that the Parolee identifies a witness or witnesses for the first time during the preliminary parole revocation hearing, the Hearing Officer will make one attempt to contact the witness or witnesses by telephone during the hearing. If the witness or witnesses are unavailable, the Parolee may request that the hearing be postponed for up to seven additional calendar days to give the Hearing Officer an opportunity to contact the witness or witnesses as set forth in this paragraph. Barring such postponement, the hearing will proceed that day;

h. The testimony, given on the record at the preliminary parole revocation hearing, shall include a description of the King Investigation;

i. During the preliminary parole revocation hearings, Parolees have the right to cross examine the King Investigator, speak on their own behalf, and have witness testimony given on their behalf, as described in this Amended Final Consent Decree. A Parolee may remain silent during the preliminary parole revocation hearing, and the Hearing Officer cannot use his or her silence in making a decision as to probable cause;

j. Parolees may also present written evidence to the Hearing Officer pursuant to 20 Ill. Admin. Code 1610.140(b)(1), and any written evidence presented by a Parolee will be kept by the Hearing Officer and shall become part of the official record of the case maintained by the IPRB;

k.  Parolees shall have the right to retain counsel at the preliminary parole revocation hearing, pursuant to 20 Ill. Admin. Code 1620(c);

l.  A statement of the rights contained in paragraphs 23(a) through (k) of this Amended Final Consent Decree will be included in the Amended Notice of Rights Form. The Hearing Officer will explain the rights described in these paragraphs to the Parolee at the beginning of each hearing using the admonishment contained in Exhibit C;

m.  If probable cause is found by the Hearing Officer, the Parolee shall have the right to request that the Hearing Officer recommend to the IPRB that his or her parole violation warrant be withdrawn pending the final revocation hearing. If the Parolee makes such a request, the Hearing Officer will permit the Parolee to produce any additional evidence supporting the withdrawal of the warrant. After considering all of this evidence, the Hearing Officer will make a written recommendation on the Report of Findings form which shall be communicated to the IPRB; and

n.  Pursuant to 730 ILCS 5/3-3-9(e), a record of the hearing shall be made by the Hearing Officer on the Report of Findings form.

24. The Hearing Officer shall provide the Parolee with a copy of the Report of Findings within 24 hours of the hearing. The Report of Findings must include a statement of whether probable cause for each charge and/or technical violation was found, and if it was, that the matter shall proceed to a final revocation hearing before the IPRB. The Report of Findings shall also include a brief summary of all evidence presented, a brief summary of the evidence relied on for the determination(s), a brief description of the Parolee's position, and any recommendation provided for in section III, ¶23(m), above. A copy of the Report of Findings shall be provided by the IPRB to any counsel representing the Parolee at the preliminary hearing, to the Parolee's parent institution within IDOC for inclusion in the Parolee's master file, and to the Chairman of the IPRB or his or her designee.

25. Once a finding of probable cause has been made and the Report of Findings has been served on the Parolee, he or she may be transferred to any appropriate facility within the

IDOC, unless the IPRB grants a request to withdraw the parole violation warrant, as described in section III, ¶23(m), above.

26. If the Hearing Officer makes a finding of no probable cause at the preliminary parole revocation hearing, and the preliminary parole revocation hearing is held at the designated IDOC Reception and Classification Center, the Parolee shall either be returned to Mandatory Supervised Release ("MSR") or, for those Parolees who are the subject of pending criminal charges, be turned over to the custody of the Cook County Sheriff in Cook County as promptly as possible by the IDOC, under appropriate terms of MSR as determined by the IPRB. The Parolee's return to the Cook County Sheriff or release subject to appropriate terms of MSR shall be accomplished as promptly as is administratively possible. Additionally, if no probable cause is found, the Parolee will continue to be subject to the conditions of his or her MSR placed on him or her by the IPRB and by law.

27. The Amended Notice of Rights shall be distributed in conjunction with the Parolee's MSR agreement to all inmates being released on parole or MSR.

28. For a period of one year and 90 calendar days following the entry of this Amended Final Consent Decree, counsel for the Parties will have the opportunity to observe parole hearings as follows: Plaintiffs' counsel and Defendants' counsel shall be entitled to observe no more than 15 parole hearings during this time frame. For purposes of this paragraph only, "parole hearing" shall mean all preliminary parole revocation hearings scheduled for a given day at any facility. Plaintiffs' counsel may choose no more than two (2) representatives to be present at each parole hearing. Plaintiffs' counsel will adhere to all security regulations and will submit the names of the individuals who will observe the hearings at least three weeks in

advance of any planned observance, in order for IDOC to ensure that the individuals have appropriate security clearances. Once IDOC has cleared the Plaintiffs' representatives, they may observe hearings at the designated IDOC facility by providing written notice to Defendants' counsel at least ten business days in advance of the hearing. All parties acknowledge that they will need to seek security clearance and permission to observe hearings at any Cook County facility. Observations of the hearings will not be scheduled until at least 90 calendar days after the entry of an Amended Final Consent Decree in this matter. Before the start of the first hearing for each day of observation, a list of the individuals who have scheduled hearings for that day will be provided to the Plaintiffs' representatives who are observing the hearing.

29. After a day of observation, upon request from the Plaintiffs, the IDOC will provide Plaintiffs' counsel with the Parole Violation Reports and any attachments, the Amended Notices of Rights, any documents in its possession that were presented at the hearing, and the written determination(s) for each hearing from the day of observation.

30. By October 17, 2014, the Defendants shall submit a status report to the Court regarding the implementation of the terms of this Amended Consent Decree. Plaintiffs shall have until November 14, 2014 to file a response. A status hearing is set for November 25, 2014, at 10:00 a.m.

31. If the Plaintiffs contend that the Defendants are not in substantial compliance with the terms of this Amended Final Consent Decree, the Plaintiffs shall provide written notice of the issues to Counsel for the Defendants, and the Defendants shall have 21 calendar days to respond to the Plaintiffs, including but not limited to by submitting a plan of correction if one is determined to be necessary. Plaintiffs shall not involve the Court in an enforcement action

without first notifying the Defendants of the alleged violations and providing them with an opportunity to cure, as described above. Both sides shall endeavor to address any disagreements in good faith in order to come to resolution without further involvement of the Court.

32. The issue of Attorneys' fees and costs is reserved for determination by the Court. Plaintiffs do not waive their right to request Attorneys' fees and costs, and Defendants do not waive any arguments against Attorney's fees and costs.

April 24, 2014
Date

THE HONORABLE ROBERT W. GETTLEMAN
UNITED STATES DISTRICT JUDGE

Agreed to by the parties as indicated by their counsels' signatures below:

For the Plaintiffs:

SHEILA A. BEDI
ALEXA VAN BRUNT
Northwestern University School of Law
375 East Chicago Avenue
Chicago, Illinois 60611
(312) 503-2492

For the Defendants:

WILLIAM BARNES
Chief Legal Counsel
Illinois Department of Corrections
100 W. Randolph, 4th Floor
Chicago, Illinois 60601
(312) 814-5797

13

Exhibit A – Amended Notice of Rights and Witness Form

## AMENDED NOTICE OF RIGHTS
## PRELIMINARY PAROLE REVOCATION HEARING

The parole revocation hearing process has two parts: (1) a preliminary revocation hearing during which a hearing officer decides if probable cause exists to find that you violated your parole and (2) a final parole revocation hearing during which a member of the Prisoner Review Board will decide if your parole should be revoked. This notice focuses on the preliminary revocation hearing.

You can complete the witness form when you receive it from the server, or you can take up to 24 hours to complete the witness form. If you want to have witness testimony at your preliminary hearing, you must include your witnesses' names and contact information on the witness form. You have the option to list specific topics about which you would like each witness to testify.

The hearing officer will contact any witness you list and ask your witness if he or she wants to talk to the hearing officer over the phone, come to the facility during your hearing to testify, or testify on the phone during the hearing. Your witness will decide how he or she will testify.

You have the right to a preliminary hearing. Unless you decide to postpone the hearing, it will occur within the next 10 business days.

You have the right to waive (or decide not to have) your preliminary hearing. If you waive a preliminary hearing, this does not mean that you have pled guilty to your parole violation. You will still have a full revocation hearing before the Prisoner Review Board.

You have a right to hire an attorney to represent you at your preliminary hearing.

During the preliminary parole revocation hearing, you have the right to:
- Tell your side of the story
- Present witnesses
- Ask questions of anyone who testifies at the hearing
- Present documents related to the alleged parole violation.

You are not required to speak during your hearing, even if the hearing officer asks you questions.

The Department of Corrections has the burden to prove that probable cause exists that you committed the alleged parole violation.

During your hearing, an investigator who has performed an investigation into your alleged violation will testify. This investigator is not an advocate for either you or the Department of Corrections. You may ask the investigator questions during your hearing.

If the hearing officer finds probable cause to believe that you committed the alleged violation, you can request that he or she recommend to the Prisoner Review Board that your parole hold be lifted so you can be released until your final revocation hearing, subject to the original conditions of your parole. Once you make this request, you will have the chance to provide additional evidence showing that you are not a flight risk or a danger to other persons.

Within 24 hours of the hearing, you will receive a written report of the hearing officer's decision.

WITNESS INFORMATION FORM
PRELIMINARY PAROLE REVOCATION HEARING

Parolee Name and IDOC Number: _____

Date Witness Form Given to Parolee: _____

Preliminary Parole Revocation Hearing Date: _____

Please List Any Witnesses You Would Like to Testify At Your Preliminary Parole Revocation Hearing, as Well as Any Potential Questions or Topics for the Witness. You Must Include a Phone Number If You Would Like the Hearing Officer to Contact Your Witness.

| **Witness Name & Phone Number** | **Questions or Topics for Witness** |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

[If You Need Additional Space, Please Continue on Back of This Form]

***FOR HEARING OFFICER ONLY***

List of Witnesses Contacted and Proffered Testimony

Exhibit B: Preliminary Parole Revocation Proceedings Timeline

i. The IDOC will serve all parolees with their Parole Violation Report and Amended Notice of Rights within 5 calendar days of the date the parole violation warrant is entered into Served Status. "Served Status" shall be defined as the time at which a parole revocation warrant is lodged or placed on record with the law enforcement entity that has physical custody of the Parolee.

ii. After a parolee is served, he or she will have up to one business day to provide witness information, as described in the Amended Final Consent Decree.

iii. Unless a Parolee waives or postpones the preliminary parole revocation hearing, the preliminary parole revocation hearing will be held within 10 business days of the date the parole violation warrant is entered into Served Status.

iv. A Parolee may ask to postpone his or her preliminary parole hearing for an amount of time not to exceed 30 calendar days after the parole violation warrant enters into Served Status.

Exhibit C - Admonishment

You are here for a preliminary parole revocation hearing. During this hearing, I will decide whether probable cause exists to believe that you committed the violation alleged in your parole violation report. Before I conduct this hearing, I am going to inform you about the rights you have during this process:

You have the right to provide witness contact information and to have me ask questions of your witnesses. If you provide me with the witness contact information for the first time today, I will make one attempt to call that witness or witnesses. If the witness or witnesses are unavailable today, you may ask to postpone this hearing for an additional seven calendar days, otherwise the hearing will go forward today.

You have the right to present me with written documents.

You have the right to tell me your side of the story.

You have the right to ask questions of anyone who testifies against you.

You have the right to remain silent during this hearing and I cannot use your silence against you. You do not have to answer my questions.

If you have retained an attorney, you have a right to be represented by that attorney during this hearing.

You have the right to postpone this hearing. If you need additional time to exercise these rights you may postpone your preliminary parole hearing.

In the event that I find against you, you can ask that I recommend that the Prisoner Review Board withdraw your warrant pending your final hearing. You can present evidence and explain to me why I should make this recommendation.

You will receive my decision in writing at the end of your hearing today.

Do you understand these rights?

Do you wish to proceed with a preliminary parole revocation hearing?